IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:05-759-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| RALPH SIMS ) | |
| ) | |
| _____ ) | |

The *pro se* defendant, Ralph Sims, has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved for summary judgment, contending that the defendant's motion is untimely.

PROCEDURAL HISTORY

In July 2005, the defendant, Ralph Sims, was indicted, along with 19 co-defendants, with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and related substantive offenses. The next month, the government served a notice of enhanced penalties under 21 U.S.C. § 851, informing the defendant that because of his prior felony drug convictions, he faced a mandatory life sentence for Count 1.

In February 2006, Sims entered a guilty plea to Count 1. In the plea agreement, Sims agreed to cooperate with the government in hopes of earning a reduced sentence through removal of the § 851 enhancements and/or the potential for a Rule 35(b) motion.

At the April 4, 2007 sentencing hearing, Sims' Presentence Report (PSR) indicated

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1

that he was a "career offender" under U.S.S.G. § 4B1.1. Because Sims had numerous prior state convictions, including convictions for burglary 2nd degree (four separate convictions), grand larceny, petite larceny, attempted burglary first degree, attempted burglary 2nd degree, possession of cocaine, financial transaction card fraud, distribution of crack cocaine, possession with intent to distribute marijuana 2nd offense, and possession with intent to distribute crack cocaine. His criminal history points totaled 17, resulting in a criminal history category of VI, even before the career offender classification was addressed. Sims' base offense level as a career offender was determined to be a 37, with a criminal history category of VI. After a three-level reduction for acceptance of responsibility, the total offense level stood at 34.

Sims then benefitted from two actions by this court. First, the court determined that a variance was appropriate because Sims had served 18 months on a state sentence. Accordingly, the court varied one level down to a level 33 resulting in a sentencing guideline range of 235 to 293 months. The court sentenced Sims to 244 months imprisonment and 5 years of supervised release.

Sims waived his right to appeal and he did not file a direct appeal. Subsequent to his sentencing, the government moved for a reduction of the defendant's sentence pursuant to Fed. R. Crim. P. 32(b)(2) for his substantial assistance. The court ultimately reduced Sims' sentence three levels to a level 30 and imposed a minimum guidelines sentence of 168 months imprisonment.

On January 27, 2011, Sims filed the present § 2255 motion. The focus of his motion challenges his four state burglary (2nd degree) convictions, which he contends do not qualify as "crimes of violence" for purposes of U.S.S.G. § 4B1.2.

After the government moved for summary judgment, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. The defendant responded to the motion.

For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that the motion should be dismissed because it is untimely. There is, therefore, no need to address the merits of the § 2255 motion.

## STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

### *Summary Judgment*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

3

and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir.1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir.1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id*. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No.

104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

Sims' conviction became final on or about April 15, 2007, and he did not file a direct appeal. Although Sims has filed numerous motions since his sentencing hearing, he has not filed any motions challenging his classification as a career offender. Sims relies upon 28 U.S.C. § 2255(f)(3) contending that recent developments in the law regarding crimes of violence for career offender purposes render his § 2255 motion timely. The court disagrees.

In his § 2255 motion and memorandum, Sims relies upon the Sixth Circuit's 2010 decision in *United States v. McFalls*, 592 F.3d 707 (6th Cir. 2010). In that case, the Sixth Circuit ruled that a South Carolina burglary 2nd degree conviction was not a "crime of violence" for purposes of U.S.S.G. § 4B1.2 under either the categorical or modified categorical approach in that particular case. Because *McFalls* was decided within one year

of the date of the filing of this § 2255 action, Sims contends that his motion is timely.

The government has responded and points out that § 2255(f)(3) requires that a right be "initially recognized" by "the Supreme Court." Here, *McFalls* obviously was not decided by the Supreme Court. Case law addressing this particular statute makes it clear that the new right must be recognized by the Supreme Court, not the Courts of Appeals. *See, e.g.*, *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) ("We believe Congress, by limiting paragraphs 6(3) in this fashion, impliedly rejected the notion that . . . decisions taken from the courts of appeal . . . could trigger any of the limitations periods numerated under § 2255.") *See also, United States v. Passwaiter*, 106 F.Supp.2d 997 (2000), *Tellado v. United States*, 2001 U.S. Dist. Lexis 75320 (2011).

The *McFalls* case, upon which the defendant originally relied, derived from the United States Supreme Court decision in *Begay v. United States*, 553 U.S. 137 (2008). The defendant cannot, however, rely upon *Begay* to trigger the running of the statute because that case was decided three years before Sims' present action was filed.

In responding to the government's motion for summary judgment, the defendant changes tactics and indicates that he is now relying upon the 2010 cases of *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265 (2010) and *Magwood v. Patterson*, ___ U.S.___, 130 S.Ct. 2788 (2010). These two decisions are of no benefit to the defendant as well.

In *Johnson,* the Supreme Court held that the Florida felony offense of battery by "actually and intentionally touching" another person does not have "as an element the use . . . of physical force against the person of another" and thus does not constitute a violent

6

felony under § 921(e)(1).  Petitioner's challenged convictions involved four prior burglary 2nd degree convictions.  Although the court in *Johnson* was applying the same statute, it applied it to a Florida battery conviction.  Therefore, *Johnson* did not "initially recognize" the "right asserted" in this case.

The second case relied upon by the defendant, *Magwood v. Patterson*, 130 S.Ct. 2788 (2010), the Supreme Court held that Magwood's habeas application challenged a new judgment for the first time and was therefore not a "second or successive" petition under § 2244(b).  *Magwood* thus addressed an issue wholly absent from this case.

## DISCUSSION

Sims' judgment of conviction in this federal court was entered on April 5, 2007.  Therefore, he had one year later—until April 5, 2008—to file his § 2255 petition.  However, he did not file it until three years later on January 27, 2011.

Although courts have the authority to apply the doctrine of equitable tolling to relax the one-year limitations period, such instances are rare and must be extraordinary.  Here, the defendant merely argues that the one-year limitations period should not be applied in this case because of *McFalls, Johnson*, and *Magwood*.

Further, the defendant has not presented any facts to suggest that he was prevented from asserting this claim by some wrongful conduct on the part of the government or that some extraordinary circumstances beyond his control made it impossible to file the claims in a timely manner.  *See Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

7

Finding no impediments or appropriate tolling applicable to the statute of limitations, this court finds that the § 2255 motion must be dismissed as untimely. *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003). Because the court finds that the petition is time-barred, it is not necessary to examine the merits of the defendant's claims.

## CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is untimely. Accordingly, the government's motion for summary judgment is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

August 23, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

8